UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
LOUIS VUITTON MALLETIER, S.A.,      :
                                    :     **ORDER AWARDING**
                       Plaintiff,   :     **STATUTORY DAMAGES,**
     -against-                      :     **ATTORNEYS' FEES, AND**
                                    :     **EXPENSES**
LY USA, et al.,                     :
                                    :     06 Civ. 13463 (AKH)
                       Defendants.  :
                                    :
------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

    In an Order dated August 28, 2008, I granted Plaintiff's motion for summary judgment, having found that Defendants willfully counterfeited and infringed five of Plaintiff's trademarks. I found that Defendants had manufactured, distributed, imported, offered to sell, and sold leather bags and wallets that infringed five of Plaintiff's marks, and leather boxes that infringed three of its marks. Plaintiff seeks $8 million in statutory damages, which is the maximum of $1 million for each mark infringed by Defendants' bags and wallets and $1 million for each mark infringed by Defendants' boxes. Plaintiff argues that Defendants' "willful, extensive, repeated and systematic counterfeiting of Louis Vuitton's valuable trademarks" renders this maximum award appropriate.

    For the reasons explained below, I award Plaintiff $3,000,000 in statutory damages, as well as attorneys' fees and expenses of $556,034.22.

    Plaintiffs have elected to recover statutory damages under the Lanham Act, specifically 15 U.S.C. § 1117(c), instead of actual damages. The provision provides, in relevant part, for an award of statutory damages of:

> (1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

The statute does not explicitly "provide guidelines for courts to use in determining an appropriate award, as it is only limited by what the court considers just." Gucci America, Inc. v. Duty Free Apparel Ltd., 315 F. Supp. 2d 511, 520 (S.D.N.Y. 2004) (internal citations omitted). In enacting the statutory damages provision of the Lanham Act, Congress found, generally, that "counterfeiters' records are nonexistent, inadequate or deceptively kept in order to willfully deflate the level of counterfeiting activity actually engaged in, making proving actual damages in these cases extremely difficult if not impossible." Polo Ralph Lauren, L.P. v. 3M Trading Co., Inc., No. 97 Civ. 4824 (JSM)(MH), 1999 WL 33740332, at *4 (S.D.N.Y. April 19, 1999) (internal citations omitted). Accordingly, courts have looked to an analogous provision of the Copyright Act, 17 U.S.C. § 504(c), which provides for statutory damages for willful infringement. See id.; see also Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc., No. 03 Civ. 2132 (GBD)(KNF), 2006 WL 728407, at *6 (S.D.N.Y. Mar. 21, 2006); Louis Vuitton v. Veit, 211 F. Supp. 2d 567, 583 (E.D. Pa. 2002). The following factors have been considered in setting statutory damage awards under the Lanham Act:

1) Expenses saved and profits reaped;
2) Revenues lost by plaintiff;
3) Value of the copyright;
4) Deterrent effect on other infringers, besides the defendant;
5) Whether the defendant's conduct was innocent or willful
6) Whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced; and
7) The potential for deterring the defendant.

Louis Vuitton Malletier v. WhenU.com, Inc., No. 05 Civ. 1325 (LAK), 2007 WL 257717, at *4 (S.D.N.Y. Jan. 26, 2007) (quoting Fitzgerald Publ'g Co., Inc. v. Baylor Publ'g Co., 807 F.2d 1110, 1117 (2d Cir. 1986)).

I find that a total statutory damages award of $3,000,000 satisfies the concerns and purposes elaborated by the seven relevant factors. First, the amount of expenses saved and profits reaped by Defendants as a result of violating Plaintiff's trademark rights is unknown. Defendants, despite their protestations to the contrary, have produced limited records, accountings, and sales invoices regarding the merchandise at issue. Their failure to do so invites an inference of a massive counterfeiting enterprise. The proofs show, for example, that U.S. Customs seized, in 2004 alone, over 100,000 items produced by Defendant Marco Leather Goods, Ltd., and has fined that company over $10 million. See Cartier, Inc. v. Sardell Jewelry, Inc., No. 07 Civ. 1813, 2008 WL 4206330, at *6 (2d Cir. Sept. 8, 2008) (describing need to rely on indirect evidence when "defendants have frustrated the effort to prove profits"); Gucci America, 315 F. Supp. 2d at 521. Defendants' many attempts to register marks closely derived from those of luxury brands also support an inference of a large-scale counterfeiting scheme, as does the testimony of Mr. Joung Woo, a customer of Defendants who described the extent and variety of merchandise they offered for sale.

As to the second factor, Plaintiff has failed to indicate the amount of revenue that Defendants' actions have caused it to lose, though the availability of such data likely depends on Defendants having accurately accounted for their sales. As to the third factor, I find that Plaintiff's trademarks are highly valuable. Plaintiff has actively promoted the "LV" logo, its accompanying motifs, and the composite mark without interruption for over 150 years, leading those marks to become famous and incontestable under 15 U.S.C. § 1065.

Fourth, I find that the goal of deterring similar conduct by other enterprises requires a substantial award. See Rolex Watch U.S.A., Inc. v. Jones, No. 99 Civ. 2359 (DLC)(FM), 2002 WL 596354, at *5 (S.D.N.Y. Apr. 17, 2002). Fifth, Defendants' illegal activity was willful and intentional. Moreover, as to the sixth factor, Defendants obstructed Plaintiff's discovery efforts in bad faith throughout this litigation, failing to produce requested information about basic issues such as their sales and inventory of allegedly counterfeit and infringing merchandise. These discovery abuses caused considerable, needless delay and expense. Finally, Defendants have shown by their willfulness in obstructing this litigation and violating Plaintiffs' trademark rights that a slight damage award is unlikely to deter them from continuing their illegal business. See id.; Sara Lee Corp. v. Bags of New York, Inc., 36 F. Supp. 2d 161, 170 (S.D.N.Y. 1999).

These seven factors justify a substantial award of statutory damages. I believe that half of the maximum amount—$500,000—is appropriate for the four basic trademarks in issue, the "LV" logo and the three accompanying motifs; that $250,000 is appropriate for the remaining composite trademark; and that the sum, $2,250,000, is the appropriate statutory damages award for Defendants' infringements on leather bags and wallets. I would add $250,000 for each of the three infringements on the second type of goods, leather boxes, or

$750,000. The total statutory damages award is $3,000,000.

Plaintiff also seeks to recover attorneys' fees and expenses, as well as costs incurred in investigating Defendants' sales. The Lanham Act authorizes the award of attorneys' fees to prevailing parties in "exceptional cases," 15 U.S.C. § 1117(a), which include those featuring "willful infringement." Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 854 (2d Cir. 1995). I find Plaintiff's request to be reasonable, having found that Defendants acted willfully and used discovery tactics that undoubtedly increased the costs of prosecuting this litigation. Although attorneys' fees are frequently awarded in conjunction with actual damages, see Gucci America, 315 F. Supp. 2d at 522, and often not awarded in conjunction with statutory damages, see Nile Rodgers v. Anderson, No. 04 Civ. 1149 (RJH)(AP), 2005 U.S. Dist. LEXIS 7054, at *10-*11 (S.D.N.Y. Apr. 26, 2005), in my discretion they are appropriate here, and Plaintiff should be awarded its expenses of suit. Accordingly, I award Plaintiff $556,034.22, its requested amount of attorneys' fees, expenses, and investigative costs. I find this amount to be fair and reasonable in relation to the needs of the case and the obstacles caused by Defendants' defense and discovery delinquencies.

SO ORDERED.

DATED: New York, New York
October 2, 2008

ALVIN K. HELLERSTEIN
United States District Judge